# Supreme Court of Florida

_____

No. SC13-2262

_____

**INQUIRY CONCERNING A JUDGE, NO. 13-17
RE: SANDY K. KAUTZ**

[October 16, 2014]

PER CURIAM.

We approve of the below stipulation and the Judicial Qualifications Commission's findings and recommendation that Judge Sandy K. Kautz receive a public reprimand.

It is so ordered.

## STIPULATION

In this disciplinary proceeding, the Investigative Panel of the Florida Judicial Qualifications Commission and Judge Sandy K. Kautz, Circuit Judge, 5th Judicial Circuit, present the following stipulation to this Court pursuant to [a]rticle V, [s]ection 12 of the Florida Constitution and [r]ule 6(j) of the Florida Judicial Qualifications Commission's Rules.

1. Under [r]ule 6(j), the Investigative Panel "may reach agreement with a judge on discipline or disability, and such stipulation shall be transmitted directly to the Supreme Court, to accept, reject or modify in whole or in part."

2. A Notice of Investigation dated March 11, 2013 was served on Judge Kautz. A hearing before the Investigative Panel was held in Tampa, Florida on April 12, 2013 at which Judge Kautz appeared and testified. The Investigative Panel concluded that probable cause existed for the filing of Formal Charges.

3. In light of Judge Kautz's responses to the Panel's inquiries, the Investigative Panel respectfully submits that the interest of justice and sound judicial administration is best served by entering into this Stipulation regarding the matters at issue and by the Findings and Recommendations which accompany this Stipulation.

4. The allegations of violations of the [j]udicial [c]anons arise in three distinct areas. The first involves Judge Kautz's conduct and demeanor in presiding over injunction, juvenile and dependency cases. From a review of the audio recordings of those cases, it is apparent that Judge Kautz was frustrated by the use of the court system by some as a solution to the many prob[l]ems inherent in those cases. It is clear that Judge Kautz was intending to engender a more self-reliant spirit in those appearing in court. However in doing so, she at times demeaned

those who appeared seeking injunctions or family members seeking assistance from the Court.

5. As a new judge, Judge Kautz also failed to appreciate the input from the other stakeholders in the court system to the extent that she on occasion would rule in a way that made it appear she either did not know the law or refused to apply it. Although done without any improper purpose, it did have the consequence of undermining the public's confidence in the judiciary.

6. On December 26, 2012 Judge Kautz appeared at a First Appearance hearing before Judge Ritterhoff Williams, on behalf of her sister, Rhonda Kautz. At that hearing Judge Kautz first vouched for her as a character witness. She also argued on her sister's behalf about the circumstances surrounding the allegations contained in the probable cause affidavit. Finally she requested that the Judge order law enforcement to assist her sister by accompanying her to the house to retrieve personal items.

7. Judge Kautz admits that her actions in appearing on behalf of her sister were improper due to her position as a judge. She did not, however, identify herself as a judge, nor did she make any argument other than that envisioned by the Rules of Criminal Procedure. She does now admit that her actions did violate the Code of Judicial Conduct.

8. Judge Kautz accepts full responsibility for the conduct set forth above, admits that it should not have occurred and regrets and apologizes for such conduct. Judge Kautz denies that she intended to violate the applicable [c]anons, and contends that she acted in the good faith belief that such conduct was appropriate. Judge Kautz now acknowledges that her understanding of the effect of the foregoing actions in light of the judicial [c]anons was erroneous.

9. Guided by the circumstances set forth above and the decisions in In re Maloney, 916 So. 2d 786 (Fla. 2005)[,] and In re Maxwell, 994 So. 2d 974 (Fla. 2008), the Investigative Panel and Judge Kautz have reached an agreement on what both believe is appropriate discipline under the circumstances. Consequently, the Investigative Panel has [] concurrently filed Findings and Recommendations of Discipline with the Court. Judge Kautz does not contest the Findings and Recommendations and waives a plenary hearing before the Hearing Panel of the Florida Judicial Qualifications Commission, if the Recommendations are accepted by the Court.

The parties acknowledge and understand that this Stipulation and attached Findings and Recommendations of Discipline are subject to the review and approval of this Court. The parties acknowledge and understand that this Stipulation and Findings and Recommendations of Discipline may be rejected by the Court, and in that event this matter may be returned to the Hearing Panel for a

final plenary hearing. In such event, the parties agree that none of the statements in the Stipulation (or the attached Findings and Recommendations of Discipline) are admissible in that hearing for any purpose. The parties further agree that none of the negotiations related to this Stipulation are admissible for any purpose.

10. The parties agree that oral argument before this Court is not necessary in light of the record, the nature of the charges, the contents of this Stipulation, and the attached Findings and Recommendation of Discipline. As previously noted, Judge Kautz waives her right to further hearings if they are accepted.

## FINDINGS AND RECOMMENDATION OF DISCIPLINE

The Florida Judicial Qualifications Commission (the "JQC") served a Notice of Investigation on Circuit Judge Sandy K. Kautz, Fifth Circuit, pursuant to [r]ule 6(b) of the Florida Judicial Qualification[s] Commission Rules.

The Investigative Panel of the Commission has now entered into a Stipulation with Judge Kautz in which Judge Kautz admits that her conduct, in appearing on behalf of her sister at her sister's first appearance after an arrest was inappropriate. This conduct violated [c]anons 1, 2A, 2B, and 5G of the Code of Judicial Conduct, as set forth in the Stipulation submitted herewith.

Judge Kautz also admits that in presiding over certain types of cases involving juveniles and those seeking injunctions, she has, on occasion, not comported herself in accordance with the requisite patience, dignity and courtesy

that is expect[ed] of her judicial office. She further admits that she did not avail herself of the support and assistance offered by her colleagues. This conduct violated [c]anon 3B(4).

Judge Kautz has admitted the foregoing, accepts full responsibility, and acknowledges that such conduct should not have occurred. Judge Kautz now recognizes that this understanding was incorrect and has undertaken steps to prevent their reoccurrence.

The Judicial Qualifications Commission has concluded that while the judge's conduct was misguided, it was not ill intentioned. Accordingly, the Commission therefore finds and recommends that in the interests of justice, the public welfare and sound [judicial] administration will be well served by a public reprimand of Judge Kautz.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Ricardo Morales, III, Chair, Michael Louis Schneider, General Counsel, and Brooke S. Kennerly, Executive Director, Tallahassee, Florida,

for Judicial Qualifications Commission, Petitioner

James Michael Sawyer, Gainesville, Florida,

for Judge Sandy K. Kautz, Respondent